IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01542-BNB

DEMETRIO A. VALERGA,

    Applicant,

v.

JEFFREY D. LYNCH,
JEH JOHNSON,
JOHN SUTHERS,
JOHNNY CHOATES,
JOHN MORTON,
JOHN LONGSHORE,
ERICK HOLDER JR., and
CAR ZABIT,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Demetrio A. Valerga, is held at the Aurora Detention Center in Aurora, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Applicant will be ordered to file an Amended Application.

    The Amended Application must comply with Rule 8 of the Federal Rules of Civil

Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Prolix, vague, or unintelligible pleadings also violate the requirements of Rule 8. Applicant' Application is prolix and confusing. It is not clear from a review of the "Nature of the Case" and "Claims" sections of the Application form what Applicant is challenging. It also is not clear how this action is different from *Valerga v. Holder*, No. 13-cv-03014-PAB (D. Colo. Jan. 9, 2014), and why the action should not be dismissed as repetitive. Although Applicant has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application.

The Court, therefore, will direct Applicant to file an Amended Complaint that complies with the pleading requirements of Rule 8 and states claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.

Furthermore, pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the detained person. Therefore, only one person needs to be named as Applicant's custodian. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without further notice.

DATED June 6, 2014, at Denver, Colorado.

BY THE COURT:


　　s/Craig B. Shaffer
United States Magistrate Judge